UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLI INTERACTIVE, LLC., <br> Plaintiff, <br> v. <br> DIAMOND PHIL'S, LLC., PHILLIP GROSSO, and JOHN DOES 1-2. <br> Defendants. | Civil Action No. 2:22-cv-1602 (JXN)(CLW) <br><br> OPINION |

**NEALS**, District Judge:

This matter comes before the Court on the partial Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 3] filed by Defendants Diamond Phil's LLC ("Diamond Phil") and Phillip Grosso ("Mr. Grosso") (collectively, "Defendants"), to which Plaintiff CLI Interactive, LLC ("Plaintiff") filed opposition [ECF No. 5]. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the court embracing the state court where this action was originally filed. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' Motion to Dismiss [ECF No. 3] is **GRANTED in part and DENIED in part**.

I. FACTUAL BACKGROUND

In February 2022, Plaintiff filed an Amended Complaint in New Jersey Superior Court bearing docket no. SSX-L-000059-22. *See* Am. Compl., ECF No. 1-1. The Amended Complaint alleges that the parties entered into a binding agreement on or about September 21, 2015. *Id.* ¶ 6. According to the agreement, Plaintiff, Diamond Phil, and Mr. Grosso were to form a partnership

for the purpose of promoting and selling jewelry. *Id.* ¶ 8. The agreement further provides that Plaintiff would provide "all aspects of strategic advertising and marketing plans for the online store and the design and development of deliverables such as the online store, online advertising, direct mail pieces, and so on . . ." *Id.* ¶ 9. In consideration of the parties' agreement, Defendants agreed to pay Plaintiff a percentage of all sales realized by Defendants, which were derived from the online store. *Id.* ¶ 11.

At some point in December 2021, Plaintiff alleges that Defendants violated the agreement. *Id.* ¶¶ 14-15. As a result, Plaintiff instituted this action asserting claims for (1) breach of contract; (2) copyright infringement; and (3) tortious interference with prospective economic advantage. *See generally* Am. Compl. After removing this matter to this Court, Defendants moved to dismiss all claims against Mr. Grosso in his individual capacity and Plaintiff's copyright infringement claim (Count Two). *See* Def.s' Br., ECF No. 3-1. With respect to the claims asserted against Mr. Grosso in his individual capacity, Plaintiff opposes Defendants' motion. *See* Pl.'s Opp'n Br., ECF No. 5. As to Defendants' request to dismiss Plaintiff's copyright infringement claim, Plaintiff concedes that it cannot maintain an action for copyright infringement because it failed to register its material prior to filing a complaint. *Id.* at 6. This matter now ripe for the Court to decide.

**II.     LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences

in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III. DISCUSSION

#### A. Count Two: Copyright Infringement

In Count Two of the Amended Complaint, Plaintiff asserts a claim against Defendants for copyright infringement. Am. Compl. ¶¶ 20-37. Defendants contend that Plaintiff failed to state a copyright infringement claim because Plaintiff did not allege to have registered its copyright with the U.S. Copyright Office prior to filing its complaint. Def.'s Br. at 6. To state a copyright infringement claim, "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Levey v. Brownstone Inv. Grp.,*

3

*LLC*, 590 F. App'x 132, 135 (3d Cir. 2014).  Plaintiff concedes that it cannot maintain an action for copyright infringement because it failed to register its material prior to filing a complaint.  *See* Pl.'s Opp'n Br., ECF No. 6.  As a result, Plaintiff cannot adequately allege a cause of action for copyright infringement.  Accordingly, Count Two will be dismissed with prejudice.[1]

### B.  Plaintiff's Claims Against Mr. Grosso in his Individual Capacity

Plaintiff demands judgment against Mr. Grosso as to each count asserted in its Amended Complaint.  *See generally*, Am. Compl.  Defendants move to dismiss all claims asserted against Mr. Grosso, arguing that this Court cannot conclude that there was an agreement between Plaintiff and Mr. Grosso in his individual capacity because the agreement did not include "a separate signature indicating that Phillip Grosso was undertaking a personal guarantee[.]"  Def.s' Br. at 3.  Defendants further argue that Plaintiff claims against Mr. Grosso should be barred by the doctrine of corporation by estoppel because the agreement at issue was between Plaintiff and Defendant Diamond Phil.  *Id.* at 4.  Defendants contend that Mr. Grosso executed the agreement only as an authorized representative of Diamond Phil.  *Id.*

In response, Plaintiff contends that the parties' agreement "contains an express term which states that [Mr. Grosso] agrees he shall be personally liable to Plaintiff for the duties and obligations of Diamond Phil's LLC."  Pl.'s Opp'n Br. at 4.  As a result, Plaintiff contends that its Amended Complaint meets the requirements of Fed. R. Civ. P. 8 and *Twombly*.  The Court agrees.

As noted in Plaintiff's opposition brief, the parties' agreement expressly provides that "[Mr. Grosso] gives his personal guarantee that [Diamond Phil] will pay to CLI Interactive, LLC the amount of 12.5% of total sales minus Sales Taxes resulting from online sales and sales resulting from the [sic] all aspects of advertising and marketing from CLI Interactive, LLC."  Agreement,

---

[1] In light of Plaintiff's concession, it would be futile to allow Plaintiff to amend this cause of action.  Thus, Plaintiff's copyright infringement claim is dismissed with prejudice.

Ex. 1, Am. Compl., ECF No. 1-1 at 19.  This agreement was referred to by Plaintiff in his Amended Complaint and attached to the Amended Complaint as an exhibit.  Given the terms expressly stated in the agreement and the Court's obligation to construe the allegations in Plaintiff's Amended Complaint in favor of Plaintiff, the Court finds that Plaintiff has sufficiently asserted it claims against Mr. Grosso in his individual capacity.

The Court is not persuaded that personal liability against Mr. Grosso is barred by the doctrine of corporation by estoppel.  "The doctrine of corporation by estoppel may be summarized in general as follows: one who contracts and deals with an entity as a corporation thereby admits that the entity is a corporation and is estopped to deny its incorporation in an action arising out of the contract or course of dealing."  *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 59 F. Supp. 2d 398, 405 (D.N.J. 1999).  As best the Court can construe, Defendants contend that allegations asserted against Diamond Phil cannot be attributed to Mr. Grosso without piercing the corporate veil because Mr. Grosso executed the agreement as an authorized representative of Diamond Phil.  *See* Def. s' Br. at 4.  Defendants' argument is not persuasive because Plaintiff is not denying the existence of a corporation -- Diamond Phil -- to hold Mr. Grosso personally liable for it claims.  Rather Plaintiff contends that both Diamond Phil and Mr. Grosso are collectively liable for the claims arising from Defendants alleged breach of the parties' agreement.

Accordingly, at this stage of the litigation, Plaintiff's claims against Mr. Grosso in his individual capacity may proceed.

### IV. CONCLUSION

For the foregoing reasons, Defendants' partial Motion to Dismiss [ECF No. 3] is **GRANTED in part and DENIED in part**.  An appropriate Order accompanies this Opinion.

DATED: November 28, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge